THOMAS P. O'BRIEN
United States Attorney
CHRISTINE EWELL
Assistant United States Attorney
Chief, Criminal Division
RANEE A. KATZENSTEIN (Cal. SBN: 187111)
Assistant United States Attorney
Deputy Chief, Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-2432
    Facsimile:  (213) 894-6269
Email: Ranee.Katzenstein@usdoj.gov

NANETTE L. DAVIS
Trial Attorney (Virginia SBN: 31616)
Tax Division, Northern Criminal Enforcement Section
ELLEN M. QUATTRUCCI
Trial Attorney (DC BN: 462103)
Tax Division, Western Criminal Enforcement Section
United States Department of Justice
    P.O. Box 972
    Washington, D.C. 20044
    Telephone: (202) 514-5150
    Facsimile: (202) 616-1786
Emails:   Nanette.L.Davis@usdoj.gov
          Ellen.M.Quattrucci@usdoj.gov
Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,    )  CR No. **08-00819**
                          )
             Plaintiff,  )  <u>PLEA AGREEMENT FOR DEFENDANT</u>
                          )  <u>KEVIN J. MIRECKI</u>
           v.           )
                          )
KEVIN J. MIRECKI,       )
                          )
             Defendant.  )
                          )
                          )

      1.    This constitutes the plea agreement between KEVIN J.

MIRECKI ("defendant") and the United States Attorney's Office for

the Central District of California and the Tax Division of the

United States Department of Justice (collectively, the "Offices") in the criminal tax investigation of defendant.  This agreement is limited to the Offices and cannot bind any other federal, state, or local prosecuting, administrative or regulatory authorities.

PLEA TO INFORMATION

2.    Defendant agrees to plead guilty to a three-count information in the form attached to this Agreement or a substantially similar form.

NATURE OF THE OFFENSE

3.    In order for defendant to be guilty of count one of the information, which charges a violation of Title 26, United States Code, Section 7203, the following must be true:

First: defendant had a gross income of more than $7,450 for the calendar year ending December 31, 2001;

Second: defendant failed to file an income tax return by August 15, 2002; and

Third: defendant acted for the purpose of evading his duty under the tax laws and not as a result of accident or negligence.

4.    In order for defendant to be guilty of counts two and three of the information, which each charge a violation of Title 26, United States Code, Section 7203, the following must be true:

First: defendant was required by law or regulation to file a corporate tax return for the year in question;

Second: defendant failed to file a corporate income tax return by September 15, 2002; and

Third: defendant acted for the purpose of evading his duty under the tax laws and not as a result of accident or negligence.

5.    Defendant admits that defendant is, in fact, guilty of these offenses as described in counts one through three of the information.

PENALTIES AND RESTITUTION

6.    The statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 7203, is one year imprisonment; a one-year period of supervised release; a fine of $100,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $25.

7.    The Court may order defendant to pay any additional taxes, interest and penalties that defendant owes to the United States.  Also, the Court must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

8.    Therefore, the total maximum sentence for the offense to which defendant is pleading guilty is: three years imprisonment; a one-year period of supervised release; a fine of $300,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; all additional taxes, interest and penalties that defendant owes to the United States; costs of prosecution; and a mandatory special assessment of $75.

9.    Defendant agrees to make full restitution for the losses caused by defendant's activities.  Defendant agrees that, in return for the Offices' compliance with its obligations under this agreement, the amount of restitution is not restricted to the amounts alleged in the count to which defendant is pleading guilty and may include losses arising from charges not prosecuted

pursuant to this agreement as well as all relevant conduct in connection with those charges.  The parties currently believe that the applicable amount of restitution is the amount of unpaid taxes and interest that defendant owes to the United States, i.e., approximately $264,022.00, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.  Defendant further agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

10.  Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

11.  Defendant also understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

12.  Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to, deportation, revocation of probation, parole, or supervised release in another case, and suspension or revocation of a professional license.

Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

### FACTUAL BASIS

13.   Defendant and the Offices agree and stipulate to the statement of facts set forth in Exhibit A hereto.   This statement of facts includes facts sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraphs 16 and 17. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to defendant that relate to that conduct.

### WAIVER OF CONSTITUTIONAL RIGHTS

14.   By pleading guilty, defendant gives up the following rights:

    a)   The right to persist in a plea of not guilty.

    b)   The right to a speedy and public trial by jury.

    c)   The right to the assistance of legal counsel at trial, including the right to have the Court appoint counsel for defendant for the purpose of representation at trial.   (In this regard, defendant understands that, despite his plea of guilty, he retains the right to be represented by counsel - and, if necessary, to have the court appoint counsel if defendant cannot afford counsel - at every other stage of the proceedings.)

    d)   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    e)   The right to confront and cross-examine witnesses against defendant.

f)    The right, if defendant wished, to testify on defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

g)    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

<u>SENTENCING FACTORS</u>

15.    Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), among other factors in determining defendant's sentence.  Defendant understands that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

16.    With respect to determining defendant's sentencing guidelines offense level based on tax loss, defendant and the Offices stipulate and agree that $259,827.00 is an appropriate calculation of the criminal tax loss as to defendant's personal returns, $749.00 is an appropriate estimate of the criminal tax loss for Kevin J. Mirecki, Inc., and $3,446.00 is an appropriate estimate of the criminal tax loss for American and International

1  Corporate Services, Inc.  Therefore, the total criminal tax loss

2  for sentencing purposes would be $264,022.00.

3      17.  Defendant and the Offices agree and stipulate to the

4  following applicable sentencing guideline factors:

5  Base Offense Level          18   [U.S.S.G. § 2T4.1(G)]

6  Acceptance of
   Responsibility              -3   [U.S.S.G. § 3E1.1]

7  _____

8      Total Offense Level : 15

9  The Offices will agree to a downward adjustment for acceptance of

10 responsibility (and, if applicable, move for an additional level

11 under § 3E1.1(b)) only if the conditions set forth in paragraph

12 21 are met.  Subject to paragraph 18, defendant and the Offices

13 agree not to seek, argue, or suggest in any way, either orally or

14 in writing, that any other specific offense characteristics,

15 adjustments or departures from either the applicable Offense

16 Level or Criminal History Category be imposed.

17      Defendant and the Offices also agree and stipulate that,

18 taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-

19 (7), the relevant Sentencing Guidelines effective on November 1,

20 2007 represent a reasonable basis for the Court to determine

21 defendant's sentence in this case, and agree that defendant

22 should be sentenced in accordance with the Sentencing Guidelines.

23 Therefore, subject to paragraph 19, defendant and the Offices

24 agree not to seek, argue, or suggest in any way, either orally or

25 in writing, that the Court (a) not follow the Sentencing

26 Guidelines in imposing sentence: (b) impose a sentence not in

27 accordance with the Sentencing Guidelines; or **(c) impose a**

28 **sentence outside the range for the total offense level stipulated**

to above.

18.   There is no agreement as to defendant's criminal history or criminal history category.

19.   The stipulations in this Agreement do not bind either the United States Probation Office or the Court.  Both defendant and the Offices are free to (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court;  (b) correct any and all factual misstatements relating to the calculation of the sentence;  and (c) argue on appeal and collateral review that the Court's sentencing calculations are not error, although each party agrees to maintain its view that the calculations in paragraphs 16 and 17 are consistent with the facts of this case.

DEFENDANT'S OBLIGATIONS

20.   Defendant agrees that he will:

a)   Plead guilty as set forth in this agreement.

b)   Not knowingly and willfully fail to abide by all sentencing stipulations contained in this agreement.

c)   Not knowingly and willfully fail to (i) appear as ordered for all court appearances, (ii) surrender as ordered for service of sentence, (iii) obey all conditions of any bond, and (iv) obey any other ongoing court order in this matter.

d)   Not commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c) are not within the scope of this agreement.

e)   Not knowingly and willfully fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

f)    Pay the applicable special assessment at or before the time of sentencing unless defendant lacks the ability to pay.

21.   Defendant further agrees to cooperate fully with the Offices and the Internal Revenue Service ("IRS"), and, as directed by the Offices, any other federal, state, or local [or foreign] law enforcement agency.  This cooperation requires defendant to:

a)    Respond truthfully and completely to all questions that may be put to defendant, whether in interviews, before a grand jury, or at any trial or other court proceeding.

b)    Attend all meetings, grand jury sessions, trials or other proceedings at which defendant's presence is requested by the Offices or compelled by subpoena or court order.

c)    Produce voluntarily all documents, records, or other tangible evidence relating to matters about which the Offices, or their designees, inquires.

22.   Defendant admits that defendant received personal unreported income of $340,080.00 in 2000, $447,537.00 in 2001, $287,550.00 in 2002, and $263,941.00 in 2003.  Defendant further agrees that on said income he owes taxes of $47,991.00 for 2000, $95,602.00 for 2001, $59,065.00 for 2002, and $55,862.00 for 2003, exclusive of interest and penalties.  Defendant further admits that Kevin J. Mirecki, Inc., had gross receipts of $459,361.00 in 2000, $551,711.00 in 2001, $341,764.00 in 2002, and $269,344.00 in 2003.  Defendant further admits that American and International Corporate Services, Inc., had gross receipts of $778,227.00 in 2000, $554,252.00 in 2001, $382,141.00 in 2002, $102,649.00 in 2003.  Defendant agrees:

1          a)    That defendant will, prior to the time of

2 sentencing, (i) file personal and corporate tax returns for

3 himself, Kevin J. Mirecki, Inc., and American and International

4 Corporate Services, Inc., for the years subject to the above

5 admissions, correctly reporting unreported income, or otherwise

6 cooperate with the Internal Revenue Service in determining the

7 assessment of taxes for himself and his corporations for said

8 years, and (ii) if requested to do so by the IRS, provide it with

9 information regarding the years subject to the above admissions,

10 and (iii) pay at or before sentencing all additional taxes,

11 penalties and interest owed with respect to those tax years, and

12 promptly pay any additional amounts and penalties and interest

13 determined by the IRS to be owing as a result of any

14 computational errors.

15          b)    That nothing in this agreement forecloses or

16 limits the ability of the IRS to examine and make adjustments to

17 defendant's personal or corporate returns after they are filed.

18          c)    That defendant will not, after filing the returns,

19 file any claim for refund of taxes, penalties, or interest for

20 amounts attributable to the returns filed in connection with this

21 plea agreement.

22          d)    To give up any and all objections that could be

23 asserted to the Examination Division of the IRS receiving

24 materials or information obtained during the criminal

25 investigation of this matter, including materials and information

26 obtained through grand jury subpoenas.

27                    THE OFFICES' OBLIGATIONS

28     23.  If defendant complies fully with all defendant's

obligations under this agreement, the Offices agree:

        a)   To abide by all sentencing stipulations contained in this agreement.

        b)   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

        c)   Not to further prosecute defendant for violations arising out of the following conduct: (i) defendant's failure to file personal returns and corporate returns for Kevin J. Mirecki, Inc., and American International Corporate Services, Inc., for the years up to and including 2004, and failure to pay timely the taxes owed for said returns; (ii) defendant's creation of the Genesis Fund Ltd. as a Nevis corporation; (iii) defendant's creation of trusts and actions as trustee for John S. Lipton, William H. Nurick, Teresa R. Vogt, and Marlyn D. Hinders. Defendant understands that the Offices are free to prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement. Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant

1   factors.

2          d)   Not to offer as evidence in its case-in-chief in

3   the above-captioned case or in any other prosecution that may be

4   brought against defendant by the Offices, any statements made by

5   defendant or tangible evidence provided by defendant pursuant to

6   defendant's cooperation provided pursuant to this Agreement and

7   pursuant to the Letter Agreement between defendant and the

8   Offices dated October 12, 2006 (the "Letter Agreement").

9   Defendant, agrees, however that the Offices may use such

10  statements and tangible evidence: (1) to obtain and pursue leads

11  to other evidence, which evidence may be used for any purpose,

12  including any prosecution of defendant, (2) to cross-examine

13  defendant should defendant testify, or to rebut any evidence,

14  argument or representations made by defendant or a witness called

15  by defendant in any trial, sentencing hearing, or other court

16  proceeding, and (3) in any prosecution of defendant for false

17  statement, obstruction of justice, or perjury.

18          e)   Not to use any information provided by defendant

19  pursuant to this agreement or the Letter Agreement against

20  defendant at sentencing for the purpose of determining the

21  applicable guideline range, including the appropriateness of an

22  upward departure, and to recommend to the Court that such

23  information not be used in determining the sentence to be

24  imposed.  Defendant understands, however, that information

25  provided by defendant pursuant to this agreement or the Letter

26  Agreement will be disclosed to the probation office and the

27  Court, and that the Court may use this information for the

28  purposes set forth in U.S.S.G. § 1B1.8(b) and for determining the

12

1  sentence to be imposed.

2       f)   In connection with defendant's sentencing, to

3  bring to the Court's attention the nature and extent of

4  defendant's cooperation.

5       g)   If the Offices determine, in their exclusive

6  judgment, that defendant has both complied with his obligations

7  under paragraphs 20, 21, and 22 above and provided substantial

8  assistance to law enforcement in the prosecution or investigation

9  of another ("substantial assistance"), to move the Court pursuant

10 to U.S.S.G. § 5K1.1 to fix an offense level and corresponding

11 guideline range below that otherwise dictated by the sentencing

12 guidelines, and to recommend a sentence within this reduced

13 range.

14 DEFENDANT'S UNDERSTANDINGS REGARDING SUBSTANTIAL ASSISTANCE

15     24.  Defendant understands the following:

16       a)   Any knowingly false or misleading statement by

17 defendant will subject defendant to prosecution for false

18 statement, obstruction of justice, and perjury and will

19 constitute a breach by defendant of this agreement.

20       b)   Nothing in this agreement requires the Offices or

21 any other prosecuting or law enforcement agency to accept any

22 cooperation or assistance that defendant may offer, or to use it

23 in any particular way.

24       c)   Defendant cannot withdraw defendant's guilty plea

25 if the Offices do not make a motion pursuant to U.S.S.G. § 5K1.1

26 for a reduced guideline range or if the Offices make such a

27 motion and the Court does not grant it or if the Court grants

28 such a motion by the Offices but elects to sentence above the

13

1    reduced range.

2          d)    At this time the Offices make no agreement or

3    representation as to whether any cooperation that defendant has

4    provided or intends to provide constitutes substantial

5    assistance.   The decision whether defendant has provided

6    substantial assistance rests solely within the discretion of the

7    Offices.

8          e)    The Office's determination of whether defendant

9    has provided substantial assistance will not depend in any way on

10   whether the government prevails at any trial or court hearing in

11   which defendant testifies.

12                        BREACH OF AGREEMENT

13        25.   If defendant, at any time between the execution of this

14   agreement and the completion of defendant's cooperation pursuant

15   to the agreement or defendant's sentencing on a non-custodial

16   sentence or surrender for service on a custodial sentence,

17   whichever is later, knowingly violates or fails to perform any of

18   defendant's obligations under this agreement ("a breach"), the

19   Offices may declare this agreement breached.   For example, if the

20   defendant knowingly in an interview, before a grand jury, or at

21   trial, falsely accuses another person of criminal conduct or

22   falsely minimizes his own role, or the role of another, in

23   criminal conduct, he will have breached this agreement.   If the

24   Offices declare this agreement breached, and the Court finds such

25   a breach to have occurred, defendant will not be able to withdraw

26   defendant's guilty plea, and the Offices will be relieved of all

27   obligations under this agreement.   In particular:

28          a)    The Offices will no longer be bound by any

1  agreements concerning sentencing and will be free to seek any

2  sentence up to the statutory maximum for the crimes to which

3  defendant has pleaded guilty.

4     b) The Offices will no longer be bound by any

5  agreements regarding criminal prosecution, and will be free to

6  prosecute defendant for any crime, including charges that the

7  Offices have otherwise agreed not to prosecute pursuant to this

8  agreement.

9     c) The Offices will be free to prosecute defendant

10  for false statement, obstruction of justice, and perjury based on

11  any knowingly false or misleading statement by defendant.

12     d) The Offices will no longer be bound by any

13  agreement regarding the use of statements, documents, records,

14  tangible evidence, or information provided by defendant, and will

15  be free to use any of those in any way in any investigation,

16  prosecution, or civil or administrative action.  Defendant will

17  not be able to assert either (1) that those statements,

18  documents, records, tangible evidence, or information were

19  obtained in violation of the Fifth Amendment privilege against

20  compelled self-incrimination, or (2) any claim under the United

21  States Constitution, any statute, Rule 11(f) of the Federal Rules

22  of Criminal Procedure, Rule 410 of the Federal Rules of Evidence,

23  or any other federal rule, that statements, documents, records,

24  tangible evidence, or information provided by defendant before or

25  after the signing of this agreement, or any leads derived

26  therefrom, should be inadmissible.

27    26.  Following a knowing and willful breach of this

28  agreement by defendant, should the Offices elect to pursue any

charge or any civil or administrative action that was dismissed or not filed as a result of this agreement, then:

a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the commencement of any such prosecution or action.

b) Defendant gives up all defenses based on the statute of limitations, any claim of preindictment delay, or any speedy trial claim with respect to any such prosecution or action, except to the extent that such defenses existed as of the date of defendant's signing of this agreement.

## LIMITED MUTUAL WAIVER OF APPEAL AND COLLATERAL ATTACK

27.  Defendant gives up the right to appeal any sentence imposed by the Court, including any order of restitution, and the manner in which the sentence is determined, provided that (a) the sentence is within the statutory maximum specified above and is constitutional, (b) the Court in determining the applicable guideline range does not depart upward in offense level or criminal history category and determines that the total offense level is 15 or below, and (c) the Court imposes a sentence within or below the range corresponding to the determined total offense level and criminal history category.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or a explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of

conviction.  Notwithstanding the foregoing, defendant retains the ability to appeal the court's determination of defendant's criminal history category and the conditions of supervised release imposed by the court, with the exception of the following: standard conditions set forth in district court General Orders 318 and 01-05; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

28.   The Offices gives up the right to appeal the Court's sentence, provided that (a) the Court in determining the applicable guideline range does not depart downward in offense level or criminal history category (except by a downward departure in offense level pursuant to, and to the extent requested by, the Offices in a motion under U.S.S.G. § 5K1.1), (b) the Court determines that the total offense level is 15 or above prior to any departure under U.S.S.G. § 5K1.1, and (c) the Court imposes a sentence within or above the range corresponding to the determined total offense level (after any downward departure under U.S.S.G. § 5K1.1) and criminal history category.

## COURT NOT A PARTY

29.   The Court is not a party to this agreement and need not accept any of the Office's sentencing recommendations or the parties' stipulations.  Even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from any stipulation, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  No

1   one – not the prosecutor, defendant's attorney, or the Court –
2   can make a binding prediction or promise regarding the sentence
3   defendant will receive, except that it will be within the
4   statutory maximum.

NO ADDITIONAL AGREEMENTS

6       30.  Except as set forth herein, there are no promises,
7   understandings or agreements between the Offices and defendant or
8   defendant's counsel.  This agreement supersedes and replaces the
9   Letter Agreement.  Nor may any additional agreement,
10  understanding or condition be entered into unless in a writing
11  signed by all parties or on the record in court.

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

13      31.  The parties agree and stipulate that this Agreement
14  will be considered part of the record of defendant's guilty plea
15  hearing as if the entire Agreement had been read into the record
16  of the proceeding.

17      This agreement is effective upon signature by defendant and
18  an Assistant United States Attorney and a Trial Attorney for the
19  U.S. Department of Justice Tax Division.

20  AGREED AND ACCEPTED

22  UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF CALIFORNIA

23  THOMAS P. O'BRIEN
24  United States Attorney

25  _____        7/15/08
                                           Date
26  RANEE A. KATZENSTEIN
    Assistant United States Attorney
27  Deputy Chief, Major Frauds Section

TAX DIVISION, UNITED STATES DEPARTMENT OF JUSTICE

*Nanette L Davis*                    5/28/2008

NANETTE L. DAVIS                     Date
Trial Attorney


I have read this agreement and carefully discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms.  My attorney has advised me of my rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the Sentencing Guideline provisions, and of the consequences of entering into this agreement.  No promises or inducements have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  Finally, I am satisfied with the representation of my attorney in this matter.

*Kevin J. Mirecki*                    6/19/08

KEVIN J. MIRECKI                     Date
Defendant

I am KEVIN J. MIRECKI's attorney.  I have carefully discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible defenses, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement.  To my knowledge, my client's decision to enter into this agreement is an informed

//

//

and voluntary one.

_____          __6/19/08_____
CHARLES L. GOLDBERG                        Date
Counsel for Defendant
KEVIN J. MIRECKI

**EXHIBIT A**
**STATEMENT OF FACTS**
**IN SUPPORT OF PLEA AGREEMENT AND INFORMATION**

Defendant KEVIN J. MIRECKI represents and admits that the following facts are true:

1.    KEVIN J. MIRECKI ("MIRECKI") is 49 years old and was born on October 9, 1958.  He is a United States citizen.  At all pertinent times, MIRECKI resided in Orange County, California, and was a licensed attorney in the state of California.

2.    MIRECKI was the 100% shareholder of Kevin J. Mirecki, Inc., through which he operated his law practice.  MIRECKI also owned and was president of American & International Corporate Services ("AICS"), which provided offshore corporate services to clients.  At all pertinent times, the principal place of business for both corporations was Orange County, California.

3.    MIRECKI knew that he was required by law to file personal income tax returns, Forms 1040, for the years 2000, 2001, 2002, and 2003, on or about April 15th of the year following the close of the calendar year.  He also knew that he was required by law to file corporate tax returns, Forms 1120, for Kevin J. Mirecki, Inc., and AICS, for the years 2000 through 2003, on or about March 15th of the year following the close of the calendar year.

4.    MIRECKI willfully failed to file timely personal returns and corporate tax returns for Kevin J. Mirecki, Inc., and

1

AICS, as he was required by law to do, for the years 2000 through 2003.

5.   MIRECKI earned personal gross income of $340,080.00 in 2000, $447,537.00 in 2001, $287,550.00 in 2002, and $263,941.00 in 2003.  On said income, he owed taxes of $47,991.00 for 2000, $96,909.00 for 2001, $59,065.00 for 2002, and $55,862.00 for 2003, exclusive of interest and penalties.  The total criminal tax loss for MIRECKI's personal returns is $259,827.

6.   Kevin J. Mirecki, Inc., earned gross receipts of $459,361.00 in 2000, $551,711.00 in 2001, $341,764.00 in 2002, and $269,344.00 in 2003.  On said receipts, the taxes due for 2000 are $749.00; there are no taxes due for 2001 through 2003. The total criminal tax loss for Kevin J. Mirecki, Inc., is $749.00.

7.   AICS earned gross receipts of $778,227.00 in 2000, $554,252.00 in 2001, $382,141.00 in 2002, $102,649.00 in 2003. On said receipts, the taxes due for 2001 are $3,446.00; there are no taxes due for 2000, 2002 or 2003.  The total criminal tax loss for AICS is $3,446.00.